# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| JORGE LUIS GUEDEZ BORGES a/k/a WALTER BLANCO, <br> *Plaintiff*, <br><br> vs. <br><br> GIDI BAR-N-GRILL LIMITED LIABILITY COMPANY and MARTIN FAYOMI, <br> *Defendants*. | § § § § § § § § § § § § § Civil Action No. 4:23-CV-00897 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Jorge Luis Guedez Borges a/k/a Walter Blanco's Motion for Sanctions Against Defendant Martin Fayomi Pursuant to FRCP 37(b)(2)(C) (Dkt. #31). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **GRANTED**.

### BACKGROUND

Plaintiff filed suit against Defendants Martin Fayomi ("Fayomi") and Gidi Bar-N-Grill Limited Liability Company ("Gidi") (collectively the "Defendants") alleging willful violations of the Fair Labor Standards Act ("FLSA") (Dkt. #17 at p. 1). Plaintiff alleges he worked for Defendants as a cook and kitchen supervisor from August 2021 until November 2022 and again from February 2023 until April 16, 2023 (Dkt. #17 at p. 3). Plaintiff claims Defendants regularly scheduled and directed Plaintiff to work in excess of 40 hours per week; however, Defendants did not pay Plaintiff at the overtime rate required by the FLSA (Dkt. #17 at p. 3). Fayomi, appearing

*pro se*, disagrees (*See* Dkt. #9; Dkt. #18).[1] Though unclear, Fayomi seems to argue that "Mr. Walter Blanco was not known as Jorge Luis Guedez Borges at the time he was employed at Gidi Bar-N-Grill," and thus, Plaintiff's claims fail (Dkt. #18 at p. 2–3).

On May 29, 2024, the Court ordered Defendants to "respond to Borges' First Set of Interrogatories and First Set of Document Requests within twenty-one (21) days following the entry of the Order" (Dkt. #28 at p. 5). Defendants did not respond to the interrogatories or the documents requests. On July 1, 2024, Plaintiff filed its Motion for Sanctions Against Defendant Martin Fayomi Pursuant to FRCP 37(b)(2)(C) ("Motion for Sanctions") urging the Court to strike Fayomi's answer and hold him in default (Dkt. #31 at p. 5). Fayomi did not file a response. Further, on the same day, Plaintiff filed his Motion for Clerk to Enter Order of Default against Defendant Bar-N-Grill Limited Liability Company Pursuant to Federal Rule of Civil Procedure 55(a) ("Motion for Default") (Dkt. #32).[2] Defendants did not file a response.

## LEGAL STANDARD

The Court has the power to sanction a party under both Federal Rule of Civil Procedure 37 and the Court's inherent authority. *See Olivarez v. GEO Grp., Inc.*, 844 F.3d 200, 203 (5th Cir. 2016). Rule 37(b) provides the appropriate vehicle for sanctions for a party's failure to comply with a discovery order. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). Although the Court has "broad discretion under Rule 37(b) to fashion remedies suited to the misconduct," this discretion is limited in two important ways. *Id.* at 488 (quoting *Pressey v.*

---

[1] The Court construes the filings liberally because Fayomi is proceeding *pro se*. *Eller v. Cole*, No. 23-50018, 2023 WL 7268221, at *1 (5th Cir. 2023). Nonetheless, Fayomi "must still comply with the law and procedural rules." *Washington v. East Baton Rouge Par. Sch. Sys.*, 471 F. App'x 306, 306 (5th Cir. 2012).

[2] Plaintiff's Motion for Default lists both Defendants Gidi and Fayomi (Dkt. #32). Plaintiff's Motion for Sanctions, however, only mentions Fayomi (*See* Dkt. #31). Accordingly, the Court construes the Motion for Sanctions only against Fayomi.

*Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990)).  First, sanctions under Rule 37(b) must be "just" and "specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982).  In addition, before imposing litigation-ending sanctions (sometimes called "death penalty" sanctions), the Court must find that: (1) the discovery violation was committed willfully or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation substantially prejudiced the opposing party; and (4) a lesser sanction would not "substantially achieve the desired deterrent effect."  *See, e.g.*, *L. Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758–59 (5th Cir. 2019) (cleaned up).  Ultimately, in imposing sanctions under Rule 37, the Court must "hold the scales of justice even."  *Guidry v. Cont'l Oil Co.*, 640 F.2d 523, 533 (5th Cir. 1981) (citation omitted).

In sum, the Court enjoys considerable discretion in imposing discovery sanctions, but the Fifth Circuit has cautioned that "sanctions should not be used lightly."  *E.E.O.C. v. General Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993).  And, in cases in which sanctions are appropriate, courts should generally impose the "least onerous sanction appropriate."  *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 79 (5th Cir. 2011).

## ANALYSIS

### I. Rule 37(b)(2) Sanctions Generally

Under Rule 37(b)(2) any sanction must be just and specifically related to the particular claim that was the subject of the discovery violation.  *See Compaq Comput. Corp. v. Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir. 2004) (citation omitted).  First, sanctions are just and the entry of a default judgment is appropriate because Fayomi has failed to comply with the Court's previous

order for months by not providing responses to Plaintiff's requests for discovery (*See* Dkt. #28; Dkt. #31). As such, Plaintiff's case has grinded to a halt and is incapable of proceeding. Further, Fayomi's inaction has forced Plaintiff to exert resources and time to enforce the Court's order. Second, sanctioning Fayomi by entering a default judgment is related to the particular claim that was the subject of the discovery violation. Plaintiff sought responses to interrogatories and production of documents to develop its case for trial (*See* Dkt. #24; Dkt. #28 at p. 5). Fayomi, however, has not participated in the discovery process and impeded Plaintiff's ability to gather information to substantiate its claims. As such, Fayomi leaves Plaintiff with no other avenue for relief. Accordingly, the Court finds that sanctions, particularly the entry of a default judgment, satisfies the requirements of Rule 37(b)(2).

Since the entry of a default judgment is a litigation-ending sanction, the Court must now analyze four additional factors. *See, e.g.*, *L. Funder, L.L.C.*, 924 F.3d at 758–59 (cleaned up).

## II.     Litigation-Ending Sanctions

Under the circumstances, the Court finds that litigation-ending sanctions are appropriate against Fayomi. To impose such sanctions, the Court must find that: (1) the discovery violation was committed willfully or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation substantially prejudiced the opposing party; and (4) a lesser sanction would not "substantially achieve the desired deterrent effect." *See, e.g.*, *L. Funder, L.L.C.*, 924 F.3d at 758–59 (cleaned up). As explained below, each factor is satisfied.

### A.     The Discovery Violation was Willful

"Willfulness may be demonstrated by a party's 'failure to comply with the court's discovery order even after he was personally instructed to do so . . . and stated that he understood

what was required of him.'" *Bell v. Texaco, Inc.*, 493 F. App'x 587, 593 (5th Cir. 2012) (quoting *Chisesi v. Auto Club Family Ins. Co.*, 374 F. App'x 475, 477 (5th Cir. 2010). Notably, the "district court is permitted to 'rely on its complete understanding of the parties' motivations.'" *Id.* (citing *Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998)). Here, Fayomi willfully failed to comply with the Court's order. In its Order dated May 29, 2024, the Court noted that although Fayomi emailed Plaintiff's counsel, the email did not constitute a response to Plaintiff's interrogatories or document requests (*See* Dkt. #28 at p. 4). Consequently, the Court ordered Fayomi to respond to Plaintiff's requests within 21 days following the entry of the Order on May 29, 2024 (*See* Dkt. #28 at p. 5). Fayomi did not comply with the Court's order and ignored the Court entirely by not responding to Plaintiff's interrogatories or requests for production (*See* Dkt. #31 at p. 2). As such, Fayomi failed "to comply with the court's discovery order even after he was personally instructed to do so . . . ." *Chisesi*, 374 F. App'x at 477. Thus, the Court finds this factor is satisfied.

### B. The Client—Fayomi—is responsible for the Violation

The Court also finds that Fayomi, rather than counsel, is responsible for the violation because Fayomi is appearing *pro se* (*See* Dkt. #9). Here, the buck stops with Fayomi since there is no other party the violation can be attributed to. Thus, the Court finds this factor is satisfied.

### C. The Violation Substantially Prejudiced the Other Party

Plaintiff was substantially prejudiced by Fayomi's failure to comply with the Court's discovery order. Plaintiff was prejudiced by not being able to conduct any discovery or prepare for trial. *See Chisesi*, 374 F. App'x at 477 (finding a party was prejudiced when "[i]t was denied discovery any for months, was prejudiced in its ability to prepare for trial, and was forced to spend time and money attempting to coerce discovery"). Further, Plaintiff "was forced to spend time

5

and money attempting to coerce discovery" from Fayomi. *Id.* As such, the Court finds this factor is satisfied.

### D. A Lesser Sanction Would Not Substantially Achieve the Desired Deterrent Effect

The Court finds that a lesser sanction would not achieve the "desired deterrent effect." *L. Funder, L.L.C.*, 924 F.3d at 758–59. Not only has Fayomi failed to comply with the Court's Order dated May 29, 2024, (*See* Dkt. #28; Dkt. #31 at p. 2), Fayomi has not filed a response to any of Plaintiff's motions (*See* Dkt. #29; Dkt. #31; Dkt. #33; Dkt. #34) or filed any pleading since December 21, 2023 (*See* Dkt. #19). All available information indicates that if the Court were to issue a lesser sanction, Fayomi would ignore it like the Court's previous order. Such an order is unwarranted since it would expend limited judicial resources and cost Plaintiff additional time and resources to conduct discovery when Fayomi has been provided ample opportunity to respond to Plaintiff's discovery requests. Thus, the Court finds the final factor is satisfied.

### CONCLUSION

It is therefore **ORDERED** that Plaintiff Jorge Luis Guedez Borges a/k/a Walter Blanco's Motion for Sanctions Against Defendant Martin Fayomi Pursuant to FRCP 37(b)(2)(C) (Dkt. #31) is **GRANTED**.

As a sanction, Defendant Martin Fayomi's Answer (Dkt. #18) is stricken. Accordingly, Plaintiff is entitled to a default judgment against Defendant Martin Fayomi.

Plaintiff is **ORDERED** to file documents in support of the default judgment within twenty-one (21) days of the entry of this order.

Further, Defendant Gidi Bar-N-Grill Limited Liability Company shall obtain representation from a licensed attorney and show cause as to why the Court should not issue

sanctions and enter a default judgment against it. Defendant Gidi Bar-N-Grill Limited Liability Company is **WARNED** that if it does not respond within fourteen days (14) of the entry of this Order, the Court will enter a default judgment against Defendant.

    **IT IS SO ORDERED.**

    SIGNED this 31st day of October, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE